USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 08 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOUSSA OUEDRAOGO,
Plaintiff,

-v-

A-1 INTERNATIONAL COURIER SERVICE, INC., ET AL.

Defendant.

12 Civ. 5651 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Currently before the Court are two motions filed by Plaintiff Moussa Ouedraogo (a.k.a., Moussa Quedraogo) in the above-captioned case, asserting violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19 §§ 650, *et seq.* ("NYLL"). In the first motion, filed on December 21, 2012, Plaintiff moves for certification of an FLSA collective. (Dkt. No. 17) In the second motion, filed on May 1, 2013, Plaintiff moves to amend his complaint in order to include additional named plaintiffs, add a new individual defendant, supplement existing causes of action, and an additional count for "causes of action based on a common law alternative legal theory." (Dkt. No. 35, 2) Defendants A-1 International Courier Service, Inc. ("A-1") and Subcontracting Concepts, LLC ("SCI"), as well as individual Defendants Ronald Desena, John Rautigliano, Robert Lefevre, and Javier Reyes, oppose both of these motions. For the following reasons, the Court GRANTS both of Plaintiff's motions.

**1. Facts and Background**

On July 24, 2012, Plaintiff filed a complaint initiating this purported collective action,

under FLSA and NYLL. (Dkt. No. 1) On October 3, 2012, Defendant SCI filed an answer, (Dkt. No. 8), and on October 19, 2012, Defendant A-1, on behalf of itself and the individually named Defendants, also filed an answer.

The Court held an initial pretrial conference in this matter on November 30, 2012, and, that same day, docketed and so ordered the parties' proposed civil case management plan and scheduling order. (Dkt. No. 14) In relevant part, that order provided that "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of the Court;" and that "[a]ny motion to amend or to join additional parties shall be filed within 30 days from the date of this Order." (Dkt. No. 14) Pursuant to the conditions in the scheduling order, on December 17, 2012, Plaintiff timely filed a first amended complaint, (Dkt. No. 16), "in order to more correctly name one of the defendants." (Dkt. No 38, 3)

Subsequently, on December 21, 2012, also pursuant to the scheduling order, Plaintiff filed a motion to certify the case as an FLSA collective action. (Dkt. No. 17) In Plaintiff's Motion for Certification of FLSA Collective, (Dkt. No. 17), as in his First Amended Complaint, (Dkt. No. 16), Plaintiff alleges that he, and others in the putative class, are or were truck-driver employees of Defendants A-1 and SCI, who were treated or classified as independent contractors and denied overtime pay and other benefits guaranteed under the FLSA and NYLL. Specifically, Plaintiff alleges that he was a truck driver for A-1 at their Long Island City facility for three and a half years. He claims that although he worked for A-1, and A-1 set his hours and pay, his contract was with SCI and the paychecks that he received were issued by SCI. By the terms of his contract, Plaintiff was an "independent contractor" for SCI, (Ex. F), but he alleges that he was in fact an employee under 29 U.S.C. § 203(e), (Am. Comp. 8), and argues that the relationship between A-1 and SCI is such that "A-1 has contracted with SCI in regard to at least

some of its drivers, including plaintiff." (Pl. Br. 6)

Most recently, the Court granted the parties' request that discovery be extended to a date two months from the date of this Court's decision on Plaintiff's Motion for Certification of FLSA Collective. (Dkt. No. 34)

**2. Plaintiff's Motion for Certification of FLSA Collective**

Plaintiff seeks FLSA collective certification for similarly situated employees at both A-1 and SCI. As to A-1, Plaintiff moves for FLSA certification for the group "consist[ing] of all individuals who have performed services as drivers for or on behalf of A-1, and whom A-1 has treated and/or classified as 'independent contractors,' for the period of July 24, 2009, to the date of the Court's Order on this motion." (Pl. Br. 2) As to SCI, Plaintiff moves for certification for the group "consist[ing] of all drivers with whom SCI has purported to have established an independent contractor relationship who have driven vehicles less than 10,001 GVWR, for the period of three years prior to the filing of the complaint [July 24, 2009] to the date of the Court's Order on this motion." (Pl. Br. 2) For the following reasons, Plaintiff's Motion for Certification of FLSA Collective is GRANTED.

a. Legal Standard and Analysis

The FLSA affords workers a right to sue on behalf of themselves and "other employees similarly situated" for violations of the statute's minimum wage and overtime provisions. 29 U.S.C. § 216(b). Potential plaintiffs in an FLSA collective action are required to "opt in" to the suit in order to benefit from the judgment. *Id.* "Courts may order notice to other potential similarly situated employees to inform them of the opportunity to opt-in to the case." *Marmolejos v. Lae Tires & Rims, Inc.*, No. 12 Civ. 5749 (AJN), *Order Denying FLSA Collective Certification*, Dkt. No. 37 (May 1, 2013) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S.

165, 173 (1989)).

At the conditional certification stage, "the court determines, based on plaintiffs' pleadings and affidavits, whether the plaintiffs and potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice and allow the case to proceed as a collective action through discovery." *Lynch v. United Serv. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). "Once the court determines that potential opt-in plaintiffs may be 'similarly situated' for the purposes of authorizing notice, the court 'conditionally certifies' the collective action, and the plaintiff sends court-approved notice to potential members." *Id.* "Those potential plaintiffs may then elect to opt-in pursuant to section 216(b) by filing consent forms with the court." *Id.* "Once notice is accomplished, the action proceeds as a collective action throughout the discovery process." *Id.*

"The burden for demonstrating that potential plaintiffs are 'similarly situated' is low at the notice stage." *Marmolejos*, No. 12 Civ. 5749, Dkt. No. 37 (citing *Lynch*, 491 F. Supp. 2d at 368). Plaintiff need only make a modest factual showing that plaintiff and potential collective action members were victims of "a common policy or plan that violated the law." *Lynch*, 491 F. Supp. 2d at 368 (quotation marks and citations omitted). Courts consider whether the plaintiff has demonstrated that other employees are similarly situated with regard to their positions, job requirements, compensation scheme, and whether they received overtime pay. *Trawinski v. KPMG LLP*, No. 11 Civ. 2978(PAC), 2012 WL 6758059, at * 2 (S.D.N.Y. Dec. 21, 2012). However, "[t]o make the factual showing required at this first stage, a plaintiff cannot rely on unsupported assertions." *Ali v. N.Y. City Health and Hosps. Corp.*, No. 11 Civ. 6393(PAC), 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 27, 2013).

"[T]he factual showing, even if modest, must still be based on some substance." *Id.*

(quoting *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010)). "While Plaintiff's burden at the first stage is low, it is not non-existent -- certification is not automatic." *Id.* at * 2 (quotation marks and citations omitted). Indeed, "[i]t is axiomatic that, even at this preliminary stage, the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." *Id.* (quotation marks and citations omitted).

Having reviewed the filings under the relevant legal standard, the Court concludes that Plaintiff's Motion for FLSA Collective Certification is sufficiently supported by the allegations in his First Amended Complaint and in his Motion for Collective Certification and the declaration and exhibits attached thereto. *Compare Lynch*, 491 F. Supp. 2d at 369 (applying the relevant legal standard, granting certification, and noting that certification is routinely granted on "far more modest records than present in this case"), *with Marmolejos*, No. 12 Civ. 5749, Dkt. No. 37 (denying certification where the plaintiff provided only "conclusory allegations, unsupported by *any* factual content or evidence") (emphasis in original). Accordingly, Plaintiff's Motion for Certification of FLSA Collective, (Dkt. No. 17), is GRANTED.

b. Notice

"[T]he district court has discretion regarding the form and content of the notice." *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145(NRB), 2010 WL 4340255, at *4-5 (S.D.N.Y. Oct. 27, 2010); *ABC Carpet*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) ("[T]he Supreme Court has noted that the "details" of notice should be left to the broad discretion of the trial court.") (citing *Hoffman-La Roche*, 493 U.S. at 170). "[T]he overarching policies of [the FLSA's] collective suit provisions," and the benefits derived there from, "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that

[potential plaintiffs] can make informed decisions about whether to participate.'" *Whitehorn Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 323 (S.D.N.Y.2007) (quoting *Hoffmann-La Roche,* 493 U.S. at 170).

Plaintiff has submitted proposed notices for A-1 and SCI, (Pl. Br. Exs. 1, 2), and Defendants, who object to numerous elements of Plaintiff's proposed notices, have submitted a joint proposed notice, (A-1 Br. Ex. B). Because the parties have expressed a willingness to meet and confer in order to draft a mutually agreeable proposed notice, the Court hereby ORDERS that the parties are to "confer and to make a good faith effort to agree to the text of the proposed notice to opt-ins." *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 331-32 (S.D.N.Y. 2010). The parties are to submit their joint proposed notice to the Court within two weeks of the date of this order. If the parties are unable to come to an agreement as to any aspect of the notice, they are nonetheless required to submit a joint proposed notice as to all agreed upon portions. In such case, each side (not party) may submit a letter, not to exceed 3 pages in length, identifying the precise issue(s) on which there is disagreement and citing to case law from courts in this circuit that supports their position. These submissions, if necessary, are likewise due to the Court within two weeks of the date of this order.

To facilitate the meet-and-confer process, and having considered the parties arguments, the Court also ORDERS that: (1) because willfulness is disputed, and in light of the facts of this case, the statute of limitations period, for FLSA collective notice purposes only, shall be three years,[1] unless the parties agree otherwise, and (2) because Plaintiff has failed to provide any grounds to support his argument that equitable tolling is or may be appropriate in this case, the

[1] An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C.A. § 255(a). If willfulness is disputed, the Court may "appl[y] the three-year statute of limitations for purposes of certifying a [collective] action." *Hamdaou v. Hess Corp.*, No. 12 Civ. 0250(CM), 2013 U.S. Dist. LEXIS 7657, at *43 (S.D.N.Y. Jan. 16, 2013).

notice period will be for the three year period prior to the filing of the notice, not the complaint.[2]

**3. Plaintiff's Motion to Amend**

Plaintiff also moves for leave to amend his complaint in order to: (1) "[a]dd as a named Plaintiff Kenneth Chow, a similarly situated driver who worked for defendants after [Plaintiff] and who has filed an 'opt in' form;" (2) "[a]dd Robert Slack, current President of SCI, as an additional individual defendant; (3) "[r]estate and better describe some of the existing causes of action now that some amount of discovery has been conducted; and (4) "[a]dd a count for causes of action based on a common law alternative legal theory." (Pl. Br. 1-2) Defendants SCI and A-1 each oppose Plaintiff's motion. SCI argues that, generally, Plaintiff has failed to show good cause for amending and, more specifically, that the common law claims are both preempted by the FLSA and insufficiently plead. A-1 incorporates, by reference, SCI's opposition and argues, in addition, that the amended complaint fails to state a claim for breach of contract or unjust enrichment. For the reasons discussed below, Plaintiff's Motion to Amend the Complaint is GRANTED.

a. General Legal Standard and Analysis

Rule 15(a)(2) provides that the Court "should freely give leave" to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *see also Spratt v. Verizon Comms. Inc.*, No. 11 Civ. 0273(AJN), 2012 WL 6629102, at *2 (S.D.N.Y. Dec. 20, 2012). "Leave to amend is within the discretion of the trial court, but should be granted only when factors such as undue delay or

---

[2] "In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit." *Whitehorn,* 767 F. Supp. 2d at 449 (citing *ABC Carpet*, 236 F.R.D. at 198-99 (citing 29 U.S.C. §§ 255, 256)); *see also*, *Hoffman v. Sbarro*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled."). Although "[s]igned consents do not relate back to the original filing date of the complaint," *ABC Carpet*, 236 F.R.D. at 199, the court may apply equitable tolling "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000) (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). Plaintiff here has neither sufficiently argued nor adequately alleged the existence, or likely existence, of such a circumstance in this case.

undue prejudice to the opposing party are absent." *Spratt*, 2012 WL 6629102, at *2 (citing *SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 345 (2d Cir. 2004); *see also Castro-Sanchez v. N.Y. State Dep't. of Corr. Servs.*, 2012 WL 4474154, at *1 (S.D.N.Y. Sept. 28, 2012) ("[A] motion to amend may be denied for 'futility, bad faith, undue delay, or undue prejudice to the opposing party.'"). "Where, as here, a scheduling order governs amendments to the complaint, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman,* 568 F.3d 329, 334-35 (2d Cir. 2009) (citations omitted) (quoting *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) (internal quotation marks omitted)). Whether good cause exists turns on the "diligence of the moving party." *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000). Generally, however, the purpose of Rule 16(b) is to provide district courts "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Here, although Plaintiff's motion to amend was filed five months after the date provided for in the Court's scheduling order, the Court determines that Plaintiff has shown good cause for amendment and that Defendants have failed to demonstrate how the amendment will be prejudicial.

Plaintiff seeks leave to amend based on the addition of a second named party plaintiff and in light of evidence obtained during discovery. (Pl. Br. 3) Plaintiff does not note when the new evidence was discovered, which would allow the Court to better assess his diligence, or lack thereof, in filing this motion. However, the record reflects that the new party plaintiff, Kenneth Chow, filed his "Consent to Become Party Plaintiff Under the FLSA," (Dkt. No. 32), on March 21, 2013, less than six weeks from when Plaintiff filed this motion to amend, and that the

additional proposed Defendant, although identified to Plaintiff early on in the litigation, is factually linked to Plaintiff Chow. In light of this, and with consideration to where this matter currently is in the discovery process as well as the limited scope and factual nexus of the proposed amendment, the Court concludes that -- absent a showing of prejudice by Defendants -- Plaintiff has sufficiently demonstrated good cause under Rule 16(b). *See* Fed. R. Civ. P. 16(b); *see also Kassner,* 496 F.3d at 244 (although "the primary consideration is whether the moving party can demonstrate diligence . . . the district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants"); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide basis for a district court to deny the right to amend.").

"In gauging prejudice, we consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993)). Undue prejudice arises when an "amendment [comes] on the eve of trial and would result in new problems of proof." *Fluor Corp.*, 654 F.2d at (reversing denial of leave to amend sought promptly after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants" and where "the amendment will not involve a great deal of additional discovery").

The sole grounds for prejudice that Defendants assert is as to the addition of Robert Slack as an individual defendant. (Def. Br. 10) And, even as to Mr. Slack, Defendants only argue that

adding him "as a defendant to this action now, when discovery has begun in earnest, places Mr. Slack at a disadvantage and serves no purpose for Plaintiff's action against SCI especially considering that Plaintiff cannot establish any cause of action against Mr. Slack in his individual capacity." (Def. Br. 10) To the extent that Defendants argue prejudice based on the discovery schedule, the Court finds their argument to be unpersuasive given that the case, though pending for some time, is still in the early stages of litigation and all discovery deadlines have been extended pending the Court's ruling on the motion for FLSA collective certification. The remainder of Defendants argument with regard to prejudice -- as with the majority of Defendants' argument in opposition to the motion to amend -- is more properly an argument of futility.

b. Futility

Under Rule 15(a), the Court may deny leave to amend if the amendment would be futile. *See* Fed. R. Civ. P. 15(a); *M'Baye v. World Boxing Ass'n*, No. 05 Civ. 9581(DC), 2006 WL 2090081, at *2 (S.D.N.Y. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amended pleading is futile when it fails to state a claim. *Health-Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990); *Mina Inv. Holdings Ltd. v. Lefkowitz,* 184 F.R.D. 245, 257 (S.D.N.Y. 1999). The party opposing the amendment has the burden of demonstrating that leave to amend would be futile, and, in considering this question, the Court reads the claims at issue "in the light most favorable to plaintiff and drawing all inferences in his favor." *M'Baye*, 2006 WL 2090081, at *2 (citing *Henneberry v. Sumitomo Corp.*, 415 F. Supp. 2d 423, 432-33 (S.D.N.Y. 2006)); *see also Staskowski v. County of Nassau,* 05 Civ. 5984(SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007) ("It is axiomatic that the party opposing an amendment has the burden of establishing that leave to amend would be futile.").

Here, Plaintiff seeks to add a cause of action for "breach of contract/unjust enrichment." (Pl. Br. Ex. A 21) Defendants argue that these additional claims are futile because: (1) the FLSA preempts state law claims that fall within its ambit of protection, (SCI Def. Br. 11-16); (2) the amended complaint fails to state a claim for breach of contract; and (3) the amended complaint fails to state a claim for unjust enrichment, (A-1 Def. Br. 1-3). The Court disagrees, and concludes that Defendants have not met their burden of showing that Plaintiff's amended claims would be futile.

The Court first turns to Defendants' preemption argument. Although the FLSA preempts state law claims "premised on the same set of facts [as a party's] FLSA claims," *Sampson v. MediSys Health Network, Inc.*, No. 10 Civ. 1342 (SJF), 2012 U.S. Dist. LEXIS 103052, at *25 (S.D.N.Y. July 24, 2012), Plaintiff's claims would only be preempted, and thus futile, if there was "no independent basis for the . . . state law claims." *Id.* Here, Plaintiff's proposed amended complaint can be read -- in the light most favorable -- as alleging claims arising under the contract or agreement between Plaintiff and Defendants that are not coextensive with his FLSA claims. As such, the Court determines that the amendment should not be barred on preemption grounds.

Having determined that these claims are not preempted, the Court now turns to the question whether they are nonetheless futile because they fail to state a claim upon which relief may be granted. "To make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004), *quoting Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996); *Fuji Photo Film U.S.A., Inc. v. McNulty,* No. 05

Civ. 7869(SAS), 2009 WL 3754359, at *3 (S.D.N.Y. Nov. 04, 2009). "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).

In the light most favorable to Plaintiff, the proposed amended complaint alleges all necessary elements of breach of contract and unjust enrichment. The facts alleged, if proven at trial, would support a theory that Plaintiff had an agreement with Defendants to perform certain work, and that Plaintiff performed that work, but was not compensated accordingly. Nor are these facts necessarily coterminous with the facts alleged in support of Plaintiff's FLSA claims, as Plaintiff has alleged that, in addition to the FLSA violations, Defendants promised to pay certain delivery and other bonuses, but Plaintiff was not compensated accordingly. Moreover, to the extent that Plaintiff performed this work extra-contractually, these same facts, in the light most favorable, are adequate to support his claim of unjust enrichment. *See Space, Inc. v. Simowitz,* No. 08 Civ. 2854, 2008 U.S. Dist. LEXIS 51782, at *13 (S.D.N.Y. July 7, 2008) (citing *Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 663 (2d Cir.1996) (the existence of a valid, enforceable written contract must be undisputed in order to preclude a claim for unjust enrichment claim.).

Accordingly, Defendants have failed to demonstrate that the additional claims in Plaintiff's proposed amendment would be futile, and, the Court having determined both that Plaintiff had adequately demonstrated good cause and that Defendants had failed to demonstrate prejudice, Plaintiff's Motion to Amend the Complaint, (Dkt. No. 35), is GRANTED.

**4. Conclusion**

For the reasons discussed above, it is hereby ORDERED that Plaintiff's Motion for

FLSA Collective Certification is granted. It is FURTHER ORDERED that the parties' notice submission, as described in greater detail above, will be due to the Court within two weeks of the filing of this motion. It is FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint is GRANTED.

This opinion resolves Docket Numbers 17 and 35. Pursuant to this Court's memo-endorsed order, (Dkt. No. 34), Pre-Rule 23 Class Certification Discovery, as described in Paragraph 7 of the parties' Civil Case Management Plan, (Dkt. No. 14), will close two months from the date of this order, and all other dates in the Case Management Plan are likewise adjusted.

SO ORDERED:

Dated: July 8, 2013
New York, New York

ALISON J. NATHAN
United States District Judge